IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINDA WISE                          :
                                    :
   v.                               :   CIVIL ACTION NO. MJG-00-3660
                                    :
BALTIMORE COUNTY PUBLIC SCHOOLS     :
                  :

..oOo..

## O R D E R

On July 8, 2002, summary judgment was entered in favor of defendant against plaintiff. (Paper No. 32.) Costs were to be assessed against the plaintiff. (*Id.*) Plaintiff appealed. (Paper No. 34). The appeal was subsequently dismissed. (Paper No. 36).

On July 23, 2002, the defendant filed a Bill of Costs in the amount of $1,479.60. (Paper No. 33.) Defendant seeks the taxation of $1,479.60 in court reporter fees. (Id.)

The Bill of Costs has not been opposed. The taxation request is now ready for my consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D.Md. 2001). For the reasons that follow, the cost request shall be granted in part.

### Fees of the Court Reporter

Defendant seeks the award of $1,479.60 in court reporter fees associated with the depositions of Plaintiff Linda Wise Carter. The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To

determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." See *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. *1968*), *aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case: (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Given the aforementioned restrictions of the Clerk's discretion, costs of the deposition of Linda Wise Carter will be

allowed in the amount of $1,020.00.[1]  Costs associated with delivery, minuscript, condensed transcript, diskette, postage, and account service fees are deemed duplicative or considered office overhead and are not recoverable.

The Clerk of Court shall docket and mail copies of this Order to counsel in this case.

Dated this 16th day of January 2003.

_/s/ Felicia Cannon_
Felicia Cannon
Clerk of the Court
United States District Court for
the District of Maryland

---

[1] The maximum page rate at which a copy of a transcript will be taxed is $1.25 per page. Defendant's request for taxation of costs associated with Art Miller and Associates, Invoice Number 62483 has been reduced accordingly.